IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN MORALES and others similarly situated | § § § § | |
| *Plaintiff* | § § | CIVIL ACTION NO. |
| v. | § § | |
| TODD TAYLOR CUSTOM TRIM, LLC, and TODD L. TAYLOR | § § § § | |
| *Defendants* | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff Joaquin Morales, individually and on behalf of others similarly situated, bring this Complaint against Defendants, and shows as follows:

**I. SUMMARY**

1. This is action is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). Plaintiff worked for Defendants as hourly-paid construction employee. Plaintiff regularly worked more than 40 hours per workweek and, when he did, Defendants did not pay him an overtime premium of at least one and one-half times his regular rate of pay for hours worked over 40 in a workweek.

2. There is no overtime exemption or exception under the FLSA that applies to Plaintiff's employment as an hourly-paid employee of Defendants. Defendants' actions in not paying overtime for hours worked over 40 in a workweek are willful. Defendants intentionally misclassified Plaintiff as an independent contractor in an effort to avoid paying Plaintiff overtime compensation.

3. Plaintiff is not the only hourly-paid construction employee employed by

Defendants and denied overtime compensation. Plaintiff brings this action on behalf of himself and other similarly situated employees to recover back wages, an equal amount of liquidated/double damages, attorney fees, interest, and costs.

## II. PARTIES

4. Plaintiff Joaquin Morales is an individual who resides in Dallas County, TX. He consents to be a party plaintiff in this action.

5. Defendant Todd Taylor Custom Trim, LLC (formerly doing business as T&T Custom Trim and T&T Custom Trim, LLC) (collectively, herein "T&T") is a domestic for-profit limited liability company organized and existing under the laws of the State of Texas. **Defendant T&T may be served with process by serving its registered agent, Todd Taylor, 11695 Bush Lane, Forney, TX 75126**. Defendant T&T also may be served with process by serving its manager, Todd Taylor, or any other manager, pursuant to TEX. BUS. ORGANIZATIONS CODE § 5.255.

6. Defendant Todd Taylor is an individual who is a citizen of the State of Texas and resides in Kaufman County. Defendant Taylor manages the business and operations of Defendant T&T and is a manager of Defendant T&T. **Defendant Taylor may be served with process at his place of residence, 11695 Bush Lane, Forney, TX 75126, his usual place of business, or wherever he may be found**.

## III. JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action because Plaintiffs assert a claim arising under federal law. Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, at least one Defendant resides in this district, and Defendants conduct business in this

district.

## IV. COVERAGE

8. At all times material to this action, Defendants T&T and Taylor have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9. At all times material to this action, Defendants T&T and Taylor have been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), in that Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiff.

10. At all times material to this action, Defendants T&T and Taylor have constituted an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants performed (either through unified operation or common control) related activities for a common business purpose.

11. At all times material to this action, Defendant T&T has constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. In each of the three preceding years (2017, 2018, and 2019), Defendant T&T's annual gross revenues have exceeded $500,000 per year. During the same period, Defendant has employed more than two employees (and as many as 15 employees or more) engaged in commerce or handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. At all times material to this action, Defendant Taylor has acted, directly or indirectly, in the interest of an employer in relation to Plaintiff. For example, Defendant Taylor's LinkedIn profile states that he is T&T Custom Trim's President/CEO.[1]

14. In addition, during the time period relevant to Plaintiff's FLSA claims:

   a. Defendant Taylor has held himself out to third-parties and signed legal and business documents as Defendant T&T's president or owner;

   b. Defendant Taylor is or has been responsible for the day-to-day management of Defendant T&T;

   c. Defendant Taylor is or has been authorized to issue and sign checks on behalf of Defendant T&T;

   d. Defendant Taylor has made or ratified decisions relating to significant aspects of the terms and conditions of Plaintiff's employment, including setting his rate of pay, increasing his rate of pay, adjusting the terms and conditions of his employment (such as whether to reimburse Plaintiff for business-related expenses such as gas and tolls), and determining whether to pay overtime compensation for hours worked over 40 in a workweek;

   e. Defendant Taylor interviewed Plaintiff before Defendant T&T hired Plaintiff;

   f. Defendant Taylor made the decision on behalf of Defendant T&T to hire Plaintiff;

   g. Defendant Taylor made the decisions when to increase Plaintiff's hourly rate on behalf of Defendant T&T;

---

[1] *See* https://www.linkedin.com/in/todd-taylor-02606326/ (last visited April 12, 2020).

    h. Defendant Taylor made the decision on behalf of Defendant T&T to terminate Plaintiff; and

    i. Defendant Taylor and/or his wife, Anna, signed one or more of Plaintiff's paychecks.

15. All times relevant to his employment with Defendants, Plaintiff has been an employee engaged in commerce or in the production of goods for commerce as defined by the FLSA. For example and by no means a limitation, Plaintiff has used equipment, materials, and supplies manufactured outside the state of Texas, including the trim and moldings used in jobs, his smartphone, the 2012 Chevrolet Silverado 1500 used in the performance of his duties, and more.

## V. FACTUAL BACKGROUND[2]

16. Defendant T&T is in the business of installing custom cabinets, trim, moldings, and finish out in new homes, commercial sites, medical facilities, specialized memory care and skilled nursing facilities, and more. Defendant T&T is owned by Defendant Taylor, and offers services throughout the Dallas/Fort Worth metropolitan area. Defendants' office and shop are located at 11695 Bush Lane, Forney, TX 75126.

17. Plaintiff worked for Defendants as an hourly-paid construction worker from approximately May 2012 until about August 2019. In this position for Defendants, Plaintiff trimmed out houses, installed finished woodwork, performed punch work, and other responsibilities—all as assigned by Defendants.

---

[2] The averments contained in this Complaint are made upon information and belief. Wherever it is alleged that Defendant did any act or thing, it is alleged that Defendant did such act or thing by or through its principals, agents, representatives, employees, officers, managers, and/or affiliates, and that such act or thing was done within the scope of such person's employment and authority, and with the knowledge, participation, approval and ratification of Defendant and the persons and/or entities that control and operate Defendant.

18. In the three years before this lawsuit was filed, Defendants paid Plaintiff an hourly rate of $19.00 per hour and, sometime in early 2019, Defendant Taylor increased Plaintiff's pay to $21.00 per hour.

19. While Plaintiff does not maintain an exact record of his hours worked, each week he submitted to Defendant T&T the number of hours worked in order to receive his paycheck. Therefore, Defendants can confirm the actual number of hours he worked in each workweek governed by this action and the pay Plaintiff received for each such workweek.

20. During the two-year and/or three-year limitations period governing FLSA actions, Plaintiff regularly worked more than 40 hours in a workweek for Defendants. In spite Plaintiff being an hourly-paid laborer and working more than 40 hours in a workweek during the stated period, Defendants did not pay Plaintiff an overtime premium of at least one and one-half times his regular rate for all hours worked in a workweek over 40. Instead, Defendants purported to pay Plaintiff "straight time."

21. Defendants also failed to pay Plaintiff for all compensable hours worked, including in workweeks when Plaintiff worked more than 40 hours per workweek. For example:

   a. Defendants required Plaintiff to arrive at Defendant T&T's Forney location at or about 7:00 AM on workdays to pick up materials and supplies, receive work assignments, and perform other work and then be at the job site by 8:00 AM. Defendants, however, did not begin compensating Plaintiff until 8:00 AM.

   b. In addition, several times per year, Defendants required Plaintiff to attend

mandatory work meetings, including in workweeks when Plaintiff worked more than 40 hours. Defendants, however, did not compensate Plaintiff for attending these mandatory meetings.

22. In the two-year and three-year period preceding this action, Plaintiff is not alone in not being paid an overtime premium of at least one and one-half times his regular rate of pay when he worked over 40 hours in a workweek for Defendants, or not compensated for all hours worked, including in workweeks when laborers worked more than 40 hours. Defendants also have paid no overtime premium to other hourly-paid construction employees when they worked over 40 hours in a workweek in the preceding two-year and/or three-year period.

23. There is no overtime exemption or exception under the FLSA that exempts Plaintiff from the FLSA's mandatory overtime provisions.

24. Consequently, Defendants classified Plaintiff (and all or virtually all other hourly-paid construction employees) as independent contractors in an attempt to avoid paying Plaintiff and others overtime compensation of at least one and one-half times his/her regular rate of pay for all hours worked in a workweek over 40.

25. At all times material to this action, Plaintiff was an employee of Defendants as a matter of "economic reality" (just like Defendants' other hourly-paid construction employees):

   a. Defendants had the authority to hire/fire, adjust pay rates, discipline, schedule, and perform all other roles generally associated with that of an employer with regard to Plaintiff and the other hourly-paid construction employees classified as independent contractors by Defendants.

b. Defendants assigned Plaintiff and Defendants' other hourly-paid construction employees the duties to perform, and where to perform their work.

c. Defendants required Plaintiff and Defendants' other hourly-paid construction employees to report to an assigned job site at a set time.

d. Until sometime in March 2019, Defendants reimbursed Plaintiff for gas, tolls, oil changes, and new tires incurred in connection with the job.

e. Defendants or the general contractor furnished Plaintiff and Defendants' other hourly-paid construction employees with the cabinets, trim, molding, materials, and supplies necessary for them to perform the work;

f. Plaintiff and Defendants' other hourly-paid construction employees are or were an integral part of Defendants' operations;

g. Plaintiff and many of Defendants' other hourly-paid construction employees work or have worked for Defendants for a long period of time;

h. Plaintiff and Defendants' other hourly-paid Defendants' other hourly-paid construction employees are or have been paid by the hour, not per the job or task.

i. Defendants have the power to terminate Plaintiff and Defendants' other hourly-paid construction employees at any time, for any or no reason, and without notice.

j. Defendants prohibited Plaintiff and Defendants' other hourly-paid construction employees from hiring their own helpers;

k. Plaintiff and Defendants' other hourly-paid construction employees

dedicate their full-time efforts to Defendants;

l. Plaintiff and Defendants' other hourly-paid construction employees do not submit invoices to Defendants in order to obtain payment;

m. Defendants' investment in the facilities, equipment, infrastructure, supplies, materials, inventory, vehicles, taxes, licenses, insurance and other overhead and capital expenditures is immense relative to the individual investment of Plaintiff and Defendants' other hourly-paid construction employees, which is largely limited to his/her labor, tools, and perhaps a truck;

n. Plaintiff and Defendants' other hourly-paid construction employees do not provide their own general liability, business liability, or workers' compensation insurance; and

o. There is no opportunity for Plaintiff and Defendants' other hourly-paid construction employees to profit from increased efficiencies or initiative as they are laborers paid by the hour and prohibited from hiring helpers.

## VI. COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff incorporates the paragraphs of Section V as if stated fully herein.

27. The term "Class Members," as used herein, means all current and former hourly-paid construction employees of Defendants who have worked over 40 hours in a workweek within the preceding three years without receiving overtime compensation.

28. Plaintiff and Class Members were subjected to the same or similar pay practices in that Defendants paid them hourly and Defendants have not paid Plaintiff and Class Members at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Accordingly, Class Members are similarly situated to Plaintiff in

terms of job duties and pay provisions.

29. Defendants' failure to pay overtime compensation at the rates required by the FLSA and for all compensable hours worked results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.

30. Plaintiff's experience is typical of the experiences of the Class Members.

31. Plaintiff and all Class Members are entitled to overtime compensation for hours worked in excess of 40 hours per week at a rate of one and one-half their regular rate of pay.

32. Aside from Plaintiff, in the preceding three years before his action, Defendants have utilized at least 15 or more hourly-paid construction workers classified by Defendants as independent contractors that Defendants did not pay an overtime premium to when these individuals worked over 40 hours in a workweek.

### VII. CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

33. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

34. During the two-year and three-year limitations period preceding this action, Defendants have violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing Plaintiff (and those who may join this action) in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating him/her for work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which he/she was employed.

35. Defendants are aware or should have been aware of their obligation to pay

overtime compensation to Plaintiff (and Class Members).

36. Defendants acted willfully or intentionally in failing to pay Plaintiff (and Class Members) in accordance with the FLSA.

## VIII. MISCELLANEOUS

37. All conditions precedent have occurred or been performed.

38. There is no agreement between either Plaintiff, on the one hand, and either of the Defendants, on the other hand, that requires this dispute to be submitted to arbitration.

## IX. RELIEF SOUGHT

39. WHEREFORE, cause having been shown, Plaintiff Joaquin Morales prays for judgment against Defendants, jointly and severally, and seek the following relief:

   a. For an Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for unpaid overtime wages due to Plaintiff (and those who may join this action), and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff (and those who may join this action); and

   b. For an Order awarding Plaintiff (and those who may join this action) the costs of this action; and

   c. For an Order awarding Plaintiff (and those who may join this action) attorneys' fees; and

   d. For an Order awarding Plaintiff (and those who may join this action) pre-judgment and post-judgment interest, as allowable, at the highest rates allowable by law; and

   e. For an Order granting such other and further relief as may be necessary and

appropriate.

                                        Respectfully submitted,

                                        /s/ Barry S. Hersh
                                        _____
                                        Barry S. Hersh
                                        State Bar No. 24001114

                                        *Board Certified in Labor and Employment Law*
                                        *Texas Board of Legal Specialization*

                                        Hersh Law Firm, PC
                                        3626 N. Hall St., Suite 800
                                        Dallas, TX 75219-5133
                                        Tel.  (214) 303-1022
                                        Fax  (214) 550-8170
                                        barry@hersh-law.com

                                        ATTORNEY FOR PLAINTIFF