IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAQUIN MORALES, AND OTHERS SIMILARLY SITUATED | § § § | |
| PLAINTIFF, | § § | |
| VS. | § § | CA No. 3:20-cv-00857-E |
| TODD TAYLOR CUSTOM TRIM, LLC AND TODD TAYLOR, | § § § § | |
| DEFENDANTS. | § | |

## JOINT STATUS REPORT

Pursuant to the Court's *Status Report Order* (Docket No. 8), the parties respectfully submit this *Joint Status Report*.

**A. NATURE OF THE CASE AND CONTENTIONS OF THE PARTIES:**

### 1. *Plaintiff:*

This is a FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.* ("FLSA") action for overtime compensation, liquidated damages/double damages, reasonable attorney fees, and costs. Plaintiff worked for Defendants as hourly-paid construction employee from approximately May 2012 until about August 2019. During the limitations period governing this action, Plaintiff regularly worked more than 40 hours per workweek and, when he did, Defendants did not pay him an overtime premium of at least one and one-half times his regular rate of pay for hours worked over 40 in a workweek.

There is no overtime exemption or exception under the FLSA that applies to Plaintiff's employment as an hourly-paid employee of Defendants. Defendants'

actions in not paying overtime for hours worked over 40 in a workweek are willful.

Defendants intentionally misclassified Plaintiff as an independent contractor in an effort to avoid paying Plaintiff overtime compensation. Plaintiff, however, was an employee of Defendants as a matter of "economic reality." For example, and by no means a limitation:

(1)  Defendants had the authority to hire/fire, adjust pay rates, discipline, schedule, and perform all other roles generally associated with that of an employer with regard to Plaintiff ;

(2)  Defendants assigned Plaintiff the duties to perform, and where to perform the work;

(3)  Defendants required Plaintiff to report to an assigned job site at a set time;

(4)  Until sometime in March 2019, Defendants reimbursed Plaintiff for gas, tolls, oil changes, and new tires incurred in connection with the job;

(5)  Defendants or the general contractor furnished Plaintiff with the cabinets, trim, molding, materials, and supplies necessary to perform the work; he did not supply his own or reimburse them for these expenses;

(6)  Plaintiff was an integral part of Defendants' operations;

(7)  Plaintiff worked for Defendants for a long period of time: seven years;

(8)  Plaintiff was been paid by the hour, not per the job or task;

(9)  Defendants had the power to terminate Plaintiff at any time, for any or no reason, and without notice;

(10)  Plaintiff dedicated his full-time efforts to Defendants;

(11)  Plaintiff did not submit invoices to Defendants in order to obtain payment;

(12)    Defendants' investment in the facilities, equipment, infrastructure, supplies, materials, inventory, vehicles, taxes, licenses, insurance and other overhead and capital expenditures is immense relative to the individual investment of Plaintiff, which was largely limited to his labor, hand tools, and perhaps a truck; and

(13)    There was no opportunity for Plaintiff to profit from increased efficiencies or initiative as he was a laborer paid by the hour and prohibited from hiring helpers.

Defendants are joint and severally liable for Plaintiff's FLSA damages, including back wages, liquidated/double damages, attorney fees, costs, and interest.

### *2. Defendants:*

Initially, Defendants object to Plaintiff's lengthy, multi-page argumentative dissertation. This is supposed to be an initial *Joint Status Report*, for the purpose of summarizing the parties' positions to assist the Court in entering an appropriate scheduling/docket control order; not a summary judgment brief or other advocacy piece. Indeed, the Court's *Status Report Order* (Docket No. 8; emphasis added) states that item one in the Report is to be "[a] *brief* statement of the *nature* of the case," not a detailed essay of all of a party's factual contentions. Accordingly, nothing much more needs to be said than that this is an FLSA unpaid overtime case, in which Plaintiff contends he was a non-exempt employee who is owed unpaid overtime for hours worked over 40 in a workweek.

That said, Defendants deny Plaintiff's allegations. Plaintiff never worked as an hourly employee for Defendants. Plaintiff was employed by and/or as an independent sub-contractor.

**B. JURISDICTION AND VENUE:**

**C. PENDING MOTIONS:**

None at this time.

**D. MATTERS REQUIRING A CONFERENCE WITH THE COURT:**

None at present.

**E. LIKELIHOOD OTHER PARTIES WILL BE JOINED:**

### *1. Plaintiff:*

Plaintiff brings this action on behalf of himself and others similarly situated. Opt-in plaintiffs may join. Plaintiff also may need to add additional defendants if the discovery reveals that other individuals or entities fall within the definition of Plaintiff's "employer" under the FLSA definition. Amended pleadings may be necessary.

Plaintiff proposes a deadline of December 15, 2020, for filing a Motion for conditional certification.

### *2. Defendants:*

Defendants deny that certification of any class is appropriate.

**F. *DONDI*-EXPENSE REDUCTION PLAN:**

Counsel have read the *Dondi* opinion, 121 F.R.D. 284 (N. D. Tex. 1988) (*en banc*) and the District's *Civil Justice Expense and Delay Reduction Plan.*

**G. DISCOVERY:**

### *1. Plaintiff:*

(a) Plaintiff estimates 12 months for discovery, which is customary in FLSA actions.

(b) Plaintiff intends to obtain discovery on the issue of liability, damages, the willful nature of Defendants' violations, the existence of similarly situated individuals, Defendants' defenses, and other proper subjects of discovery.

(c) Plaintiff does not recommend discovery being conducted in phases or otherwise limited at this time. Contrary to Defendants' contention, bifurcating discovery into separate phases is not the norm for FLSA collective actions—like here—where the Defendants are a small employer.

### *2. Defendants:*

Because this is a putative FLSA collective action, Defendants propose that this case proceed in two phases—as is the norm for FLSA collective actions[1]—as follows:

#### a. Phase 1:

Phase 1 should be limited to issues of conditional certification and issuance of notice to putative class. During Phase 1, the parties should be precluded from discovery, except as may be ordered by this Court. Any motion for conditional class certification should be filed by Plaintiff no later than August 17, 2020, along with proposed forms for the notice and consents to join.

#### b. Phase 2:

Phase 2 should begin on the date the Court sets for the close of the opt-in period if the Court grants conditional certification, or if the Court denies conditional certification, on the date the Court issues its ruling denying conditional certification. Defendant proposes that the Court's *Scheduling Order* issued as a result of this report:

(1) direct the Parties to confer no later than fifteen (15) days after Phase 2 begins, and

(2) direct the Parties to file, no later than thirty (30) days after Phase 2 begins, a proposed agreed scheduling order. Deadlines and due dates in any

---

[1] *See, e.g., Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987); *McCurdy v. Freshone Distrib. Services, LLC*, 2020 WL 4018176, at 1 (N.D. Tex. July 16, 2020); *Frazier v. DFW Int'l Airport Bd.*, 285 F.Supp.3d 969, 972 (N.D. Tex. 2018).

proposed Phase 2 Scheduling Order should be based on consideration of (a) whether the Court granted conditional class certification; and (b) if so, the number of individuals, if any, who have then filed notices of consent to join the lawsuit.

### H. DISCOVERY OF ESI:

#### *1. Plaintiff:*

Prior to service, Plaintiff's counsel furnished Defendants with a preservation notice that includes preservation of electronically stored information. Plaintiff will seek discovery of electronically stored information in native or PDF searchable format, depending on the nature of the information

#### *2. Defendants:*

Until Defendants receive Plaintiff's discovery requests in Phase 2 of the litigation, Defendants cannot say whether there are likely to be any issues regarding discovery of ESI.

### I. PRIVILEGE ISSUES:

None at this time.

### J. DISCOVERY MODIFICATIONS, IF ANY:

#### *1. Plaintiff:*

None at this time. Plaintiff proposes that the parties agree to accept service of discovery via e-mail and such service shall have the same effect as service by hand delivery.

#### *2. Defendants:*

If the Court grants conditional class certification, depending on the number of individuals, if any, who opt in to the lawsuit, there may need to be a limitation on the number of interrogatories and other discovery requests. If numerous individuals opt in, each putative plaintiff should not be entitled to 25

interrogatories; otherwise, discovery could potentially be unduly burdensome for Defendants.

Defendants do not agree to accept service of discovery by electronic transmission.

**K. RULE 26(C) OR RULE 16(B) AND (C) ORDERS, IF ANY:**

None at this time.

**L. PROPOSED LITIGATION DEADLINES:**

*1. Plaintiff:*

(a) join other parties and amend the pleadings: 1/11/2021

(b) file motions, including summary judgment and other dispositive motions: 4/15/2021;

(c) complete discovery: 7/12/2021;

(d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2): 2/15/2021 for the party with burden of proof on the issue for which the expert is designed; rebuttal 30 days later;

(e) file expert reports: 4/15/2021

*2. Defendants:*

For the reasons previously stated, Defendants believe that as is typically the case in FLSA collective actions the setting of normal *Scheduling Order* deadlines should await Phase 2, after the Court determines conditional class certification and, if certification is granted, after the close of the opt-in period.

**L. TRIAL SETTING AND ESTIMATED LENGTH OF TRIAL:**

*1. Plaintiff:*

Plaintiff proposes a trial date that is 14 months from the date of the parties' conference since it took two months to serve Defendants and in recognition of the trial setting backup caused by COVID19.

Proposed trial setting: October 5, 2021.

Plaintiff anticipates a trial would take 2-3 days, based on the current number of plaintiff and defendants. If parties are added, the number of days may increase. Defendant has demanded a jury.

### 2. Defendants:

For the reasons previously stated, Defendants believe that as is typically the case in FLSA collective actions the setting of a trial date should await Phase 2, after the Court determines conditional class certification and, if certification is granted, after the close of the opt-in period. Until the number and identity of putative Plaintiffs is known, a reasonable estimate of the length of trial cannot be intelligently made. If no other individual opt in to the lawsuit, trial would likely take 2-3 days.

**M TRIAL BY MAGISTRATE JUDGE:**

The parties do not agree to trial by a magistrate judge.

**N. STATUS OF SETTLEMENT:**

### 1. Plaintiff:

On May 11, 2020, Plaintiff wrote to Defendants inviting them to participate in early settlement negotiations. In the letter, Plaintiff invited Defendants to voluntarily furnish Plaintiff's counsel with a copy of Defendants' timekeeping records and wage payment statements for Plaintiff so Plaintiff could provide Defendants with a settlement proposal. Defendants obtained counsel and did not substantively reply to Plaintiff's May 2020 letter.

On July 6, 2020—after receiving the Court's Status Report Order—Plaintiff's counsel wrote Defendants' counsel to, again, request a copy of Defendants' timekeeping records and wage payment documents for Plaintiff so Plaintiff could provide Defendants with a settlement proposal before the parties filed this joint

status report. Plaintiff's counsel requested by the records by July 13, 2020. Defendants did not furnish any records by July 13th or substantively reply to Plaintiff's July 6th letter.

Without a copy of Defendants' timekeeping records and pay statements for Plaintiff, Plaintiff cannot provide Defendants with a settlement proposal containing dollar figures. Accordingly, Plaintiff made a settlement proposal based on the nature of categories of damages requested and the limitations periods set in the FLSA: three years back wages, an equal amount of liquidated damages, attorney fees, and costs. Plaintiff will provide Defendants with a settlement proposal containing dollar figures after Defendants produce the necessary documents and records.

### *2. Defendants:*

Plaintiff was never an employee of Defendants. Therefore, Defendants do not have the records Plaintiff seeks, *e.g.*, "wage payments." Defendants have not received any settlement demand from Plaintiff, *i.e.*, "three years back wages, an equal amount of liquidated damages, attorney fees, and costs" communicates nothing meaningful or measurable.

### O. ADR/MEDIATION:

### *1. Plaintiff:*

Plaintiff believes that mediation or a court supervised settlement conference may be beneficial after discovery is completed.

### *2. Defendants:*

Defendants are amenable to mediation during Phase 2, after the number and identities of any putative Plaintiffs are known and after a reasonable amount of discovery. A mediation deadline should be included in the Court's Phase 2 *Scheduling Order*.

**P. OTHER MATTERS:**

None at this time.

        Respectfully Submitted,

        */s/ Barry S. Hersh*
        **BARRY S. HERSH**
        Texas State Bar No. 24001114

        *Board Certified in Labor and Employment Law Texas Board of Legal Specialization*

        **HERSH LAW FIRM, PC**
        3626 N. Hall St., Suite 800
        Dallas, Texas 75219-5133
        Telephone: (214) 303-1022
        Fax: (214) 550-8170
        Email: barry@hersh-law.com

        **ATTORNEY FOR PLAINTIFF**

        */s/ John L. Ross*
        **JOHN L. ROSS**
        Texas State Bar No. 17303020

        *Board Certified in Labor and Employment Law And Civil Trial Law Texas Board of Legal Specialization*

        **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
        700 North Pearl Street
        Suite 2500
        Dallas, Texas 75201
        Telephone: (214) 871-8206
        Fax: (214) 871-8209
        Email: jross@thompsoncoe.com

        **ATTORNEYS FOR DEFENDANTS**